## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHURCH OF FAITH, HOPE** | ) | |
| **AND CHARITY OUTREACH** | ) | |
| **MINISTRIES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:15-cv-886-WKW-DAB** |
| | ) | |
| **HARTFORD CASUALTY** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

On October 29, 2015, Plaintiff Church of Faith, Hope & Charity filed a civil complaint in the Circuit Court of Houston County, Alabama. The complaint, sounding exclusively in state law, alleged claims of (1) breach of contract, (2) bad faith failure to investigate, and (3) bad faith refusal to pay a covered loss against The Hartford and Hartford Casualty Insurance Company.  (Doc. 1-3 at pp. 1-3; Doc. 1-4 at ¶ 1).  On November 30, 2015, Defendants removed the action to the United States District Court for the Middle District of Alabama, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1).

On December 14, 2015, Chief United States District Judge W. Keith Watkins granted Plaintiff's motion to dismiss its claims against The Hartford, leaving Hartford Casualty Insurance Company as the sole Defendant. (Doc. 6). The matter is before the undersigned pursuant to the order of reference dated January 5, 2017. (Doc. 19). *See also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jefferey S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507 (11th Cir. 1990).

On February 2, 2017, this Court ordered Defendant to show cause "why this action should not be dismissed for lack of diversity jurisdiction; specifically, because the citizenship of the Plaintiff is not evidenced." (Doc. 22 at p.3). Defendant responded to the Court's order on February 16, 2017. (Doc. 23).

## I.   THE COMPLAINT

The Complaint generally alleged that "Plaintiff had in full force and effect a policy of insurance from [Defendant], Policy Number 215BANV4505, for its church…" and that '[o]n November 1, 2013, the Plaintiff Church suffered a property loss by fire at the insured's premises referred to above." (Doc. 1-3 at ¶¶ 1-2). Plaintiff further alleged that after giving proper and timely notice to Defendant, that "Defendants issued a written denial of this claim and no payment has been made for the covered loss under the policy of insurance made the basis of this suit." *Id*. at ¶¶

2

2-3. Plaintiff did not specify any detailed damages; rather, Plaintiff alleged that it "has suffered economic loss which significantly exceeds $75,000…" as a result of alleged claims of breach of contract and bad faith. *Id.* at ¶¶ 4-6.

## II.    REMOVAL AND REMAND GENERAL PRINCIPLES

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  A federal district court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).   Therefore, a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* "at the earliest possible stage in the proceedings." *Id.* at 410. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp*., 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069

(11th Cir. 2000).  A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must demonstrate the existence of federal jurisdiction.  *See*, *e.g.*, *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("the burden of establishing removal jurisdiction rests with the defendant seeking removal"); *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").  Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all jurisdictional doubts being resolved in favor of remand to state court. *Burns*, 31 F.3d at 1095.

However, as an initial matter, "Consistent with the limited nature of federal jurisdiction, the party seeking a federal venue must establish the venue's jurisdictional requirements."  *Lowery*, 483 F.3d at 1207 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Because federal courts are courts of limited jurisdiction, "a federal court has an independent obligation to review its authority to hear a case before it proceeds to the merits."[1] *Mirage Resorts, Inc. v. Quiet Nacelle*

---

[1] An "Article III court must be sure of its own jurisdiction before getting to the merits" of any action.  *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831, 119 S. Ct. 2295, 2307 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89, 118 S. Ct. 1003 (1998)); *see also, e.g.*, *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (stating that "a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter

*Corp.*, 206 F.3d 1398, 1400-1401 (11th Cir. 2000).   That obligation should be undertaken "at the earliest possible stage in the proceedings[.]"  *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted).

## III.   THE NOTICE OF REMOVAL

This matter was removed to this court on the basis of diversity jurisdiction pursuant to pursuant to 28 U.S.C. § 1441 and 1446. (Doc. 1 at p.1). Although the pleadings indicate that Plaintiff is or was a church based at 411 3rd Avenue, Ashford, Alabama (Doc. 1-2 at ¶1), the pleadings are silent as to what type of legal entity the Plaintiff is, the citizenship or residency of the Plaintiff, or the identity and citizenship of all its partners or members.

## IV.   ANALYSIS

---

jurisdiction at any point in the litigation where a doubt about jurisdiction arises"); *Galindo-Del Valle v. Attorney General*, 213 F.3d 594, 598 n.2 (11th Cir. 2000) (observing that federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); *Fitzgerald v. Seaboard Sys. R.R., Inc*., 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."); *Kutner v. Kutner*, 656 F.2d 1107, 1110 (5th Cir. 1981) ("[I]t is the duty of the court to determine on its own motion whether it has jurisdiction of any case before it."); *Employers Mutual Casualty Co. v. Evans,* 76 F. Supp. 2d 1257, 1259 (N.D. Ala. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

On February 2, 2017, this court entered an order for Defendant to show cause "why this action should not be dismissed for lack of diversity jurisdiction; specifically, because the citizenship of the Plaintiff is not evidenced." (Doc. 22 at p.3). Defendant responded that:

> Plaintiff is not formally organized under the laws of the State of Alabama as a corporation, company, partnership, or association; has no governing bylaws, rules, or articles of incorporation; has never been registered with the Internal Revenue Service as a tax-exempt religious and/or charitable organization; has never filed any information or tax return documents with the Internal Revenue Service; and has no officers, directors, or trustees. *See* Ex. A at 1-2; Ex. B at 3. Moreover, Plaintiff testified that no individual or group "owned" the real property that Plaintiff insured. *See* Ex. B at 4.

(Doc. 23 at ¶ 2). Defendant further stated none of Plaintiff's "discovery responses provide any definitive list of any individuals who were actually members of Plaintiff Church." (Doc. 23 at ¶ 4). However, Defendant avers that it has an "understanding and good faith belief that Trawick, Register, and Morris are the 'members' of Plaintiff as defined in the Alabama Unincorporated Nonprofit Association Law. See Ala. Code § 10-A-17-1.02(1)." (Doc. 23 at ¶ 7). Plaintiff has not filed any reply to Defendant's response.

Defendant's response concedes that Plaintiff is an unincorporated association, and despite some diligence, Defendants has not been able to clearly determine who the definitive members are. Amending the removal papers would not cure this problem. *See* 28 U.S.C. 1446(b)(3) ("if the case stated by the initial pleading is not

6

removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). The burden is on Defendant, as the removing party, to demonstrate jurisdiction. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)("A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties. *Williams,* 269 F.3d at 1319…"). "To sufficiently allege the citizenships of … unincorporated business entities, a party must list the citizenships of all the members…" *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. However, despite its diligence in discovery, Defendant is guessing and assuming the membership of Plaintiff.  Accordingly, because Defendant has failed to adequately allege the complete membership of Plaintiff and the citizenship of each of those members, the Court is unable to determine whether the district court has jurisdiction over this action, and this matter is due to be remanded to the Circuit Court of Houston County, Alabama.

Defendant further requests an opportunity "to complete settlement negotiations." (Doc. 23 at p.7). However, that opportunity would still be available to the parties upon remand.

## V.   CONCLUSION AND RECOMMENDATION

For these reasons, the Magistrate Judge **RECOMMENDS** that this cause be remanded to the Circuit Court of Houston County, Alabama, for lack of diversity jurisdiction.  The notice of removal fails to adequately evidence the citizenship or residency of the Plaintiff, or the identity and citizenship of all its partners or members, and Defendant has not met its burden to show complete diversity of citizenship.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **March 31, 2017**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

8

**DONE** and **ORDERED** this the 16th day of March 2017.

David A. Baker
United States Magistrate Judge